UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN DAVID JONES,

    Petitioner,

v.                                       Case No. 5:11-cv-290-Oc-30TBS

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

## ORDER OF DISMISSAL

Petitioner, *pro se,* initiated this action by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), alleging the Federal Bureau of Prisons ("Bureau" or "BOP") has improperly and arbitrarily denied him participation in the BOP's Elderly Offender Home Detention Pilot Program. Petitioner is a federal inmate presently confined at the Low Security Institution at the Federal Correctional Complex at Coleman, Florida, where he is serving a 262-month sentence for his Southern District of Florida conviction of Possession With Intent to Distribute Cocaine in violation of 21 U.S.C. § 841.[1]

Respondent maintains the Petition should be dismissed because, *inter alia*, Petitioner has failed to exhaust his administrative remedies prior to filing suit. (Doc. 11).

---

[1] *See* Doc. 11, Ex. 1.

## Exhaustion of Administrative Remedies

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[2] The following policies are promoted by requiring the exhaustion of administrative remedies:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise it's discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'[3]

Petitioner has attempted to file administrative remedies concerning the issue presented in this Petition, but has not properly utilized the administrative remedy process.[4] Exhibits appended to the Response demonstrate that Petitioner's administrative appeals were rejected for procedural deficiencies.

---

[2] *Winck v. England*, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (*citing Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir. 1992); *Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001); *United States v. Lucas,* 898 F.2d at 1556*).*

[3] *Irwin v. Hawk*, 40 F.3d 347,348 (11th Cir. 1994) (citations omitted).

[4] *See* Doc. 11, Ex. 2,3.

Petitioner must exhaust the Bureau's administrative remedies before bringing suit in this Court. Given that administrative exhaustion is a jurisdictional prerequisite to filing a § 2241 Petition, "whether [a Petitioner] may even assert a waiver or futility exception to the requirement is questionable." *Hicks v. Jordan*, 2006 WL 263831 **1 (11th Cir. Feb. 2, 2006) (unpublished) (even if exception to exhaustion were available, correspondence with BOP official and official's representation that BOP could not grant the requested relief did not demonstrate that exhaustion should be excused).[5]

## **Conclusion**

For the reasons set forth in this Order, the Petition for Writ of Habeas Corpus is **DISMISSED without prejudice**. The Clerk is directed to terminate any pending motions and close the file.

**DONE** and **ORDERED** in Tampa, Florida on January 25, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2.